UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor,                  :
United States Department of Labor,
                                                      :   Case No.  14-cv-04369-KPF
                 Plaintiff,
            v.                                        :

MIDTOWN EAST WINGS, INC., and                         :
TERRY MOHAMED, Individually and as Officer,
                                                      :
                 Defendants.
-------------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF A RECEIVER PURSUANT TO THE CONSENT JUDGMENT**

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, respectfully submits this memorandum of law in support of his motion for the appointment of a receiver pursuant to the consent judgment ordered in this matter.

**STATEMENT OF FACTS**

The United States Department of Labor, Wage and Hour Division ("Department") investigated Midtown East Wings, Inc. and Terry Mohamed and found violations of the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA" or "Act"). *See* Declaration of Summer Silversmith ("Silversmith Decl.") ¶ 3. The parties agreed to settle the matter through a consent judgment ("Consent Judgment"), which was signed by the parties and ordered by this Court on June 23, 2014. *See id*. Under the terms of the Consent Judgment, defendants were to pay a total of $75,763.68 in unpaid wages and liquidated damages, plus post-judgment interest. *See id*. After making a down payment of $12,627.28, the defendants were to pay monthly installments ranging from $4,214.84 to $4,268.97, with the last payment due on June 7, 2015. *See* Silversmith Decl. ¶ 4.

The Consent Judgment also provided that, should defendants fail to make the payments as specified in the Consent Judgment, "the Court *shall* appoint a Receiver to effectuate all of this Consent Judgment." *See* Consent Judgment, Section VII (emphasis added). The Consent Judgment, which defendants agreed to, specifies that the expense of the Receiver is to be borne by defendants, and that defendants must cooperate with the Receiver and provide her/him with any information needed to carry out the task of assessing defendants' financial status and collecting the debt owed by defendants to the Secretary. *See id.*

Defendants made the required down payment of $12,627.28 on February 11, 2014. *See* Declaration of Mary Doughty ("Doughty Decl."), ¶ 4. They then made one required installment payment of $4,222.66 on April 2, 2014. *See id.* The defendants have not made any other payments from April 2, 2014, through the present. *See* Doughty Decl., ¶ 5.

The Department attempted numerous times to amicably resolve the defendants' failure to abide by the payment terms of the Consent Judgment. Jeanne Rochester, a Wage and Hour technician employed by the Department, contacted Ali Law Group, the law firm who appeared for defendants on the Consent Judgment, via e-mail on June 11, 2014 and June 19, 2014, and via phone on June 19, 2014, regarding defendants' failure to submit timely payments. The firm responded to Ms. Rochester via e-mail on July 24, 2014 and reported that defendants had not responded to the firm's attempts at contact. *See* Silversmith Decl. ¶ 7. Maria Rosado, then District Director of the Wage and Hour Division, sent two letters to defendants via certified mail on July 1, 2014, and November 24, 2014. *See id.* ¶¶ 8, 9. The first letter notified the defendants that they were in default and that the defaulted balance could be subject to interest, penalties, and other delinquent charges and administrative costs. *See id.* ¶ 8. The second letter notified

defendants that the Department would seek to recover the unpaid balance via legal means if defendants did not pay the amounts owed by December 9, 2014. *See id.* ¶ 9.

The undersigned attorney then attempted to contact the defendants via phone and mail in order to resolve this matter short of seeking relief in this Court. *See* Silversmith Decl. ¶ 11, 12, 13. Defendants did not respond. *See id.* ¶ 13.

## ARGUMENT

Defendants consented to the appointment of a receiver in the Consent Judgment by agreeing that the Court "shall" appoint a receiver in the event that the defendants failed to abide by the terms of the agreement. In these circumstances, courts have appointed a receiver. *See generally D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc.*, 550 F.Supp.2d 481, 491 (S.D.N.Y.2008) (explaining in its anticipated ruling that where the parties had consented to a receiver, it should be appointed); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988) (supporting appointment of a receiver where agreement specified that upon default, Citibank may apply for the appointment of a receiver).

Here, there is no question that defendants have defaulted on their agreed-upon obligations under the Consent Judgment. They have paid a fraction of the back wages and liquidated damages owed to their employees. They have not contacted the Secretary regarding their failure to make payments on the agreed-upon schedule, and they have not responded to any of the Secretary's efforts to contact them to resolve this default short of seeking relief in this Court. The Court's appointment of a Receiver pursuant to the express terms of the Consent Judgment is therefore necessary and appropriate.

Finally, the appointment of a Receiver is necessary to effectuate the Consent Judgment and the enforcement role of the Secretary of Labor. The Secretary is charged with enforcing the provisions of the FLSA. 29 U.S.C. § 204. In carrying out this role, the Secretary relies on

employer compliance with Consent Judgments to resolve matters efficiently and fairly. When an employer fails to abide by the terms of a Consent Judgment, it creates a burden on the resources available to carry out the Secretary's essential enforcement work. Moreover, such failure undermines the ability of law-abiding employers to compete fairly in the marketplace. The Court's appointment of a Receiver, at defendants' expense, to carry out the terms of the Consent Judgment, is an appropriate remedy. This is especially true where, as in this case, the defendants have expressly agreed to the appointment of a Receiver in the event of a default.

## CONCLUSION

As defendants have failed to abide by the Consent Judgment, and the Consent Judgment explicitly provides for the appointment of a Receiver in these circumstances, the Court's appointment of a Receiver is appropriate and justified. The Secretary therefore respectfully requests that the Court appoint a Receiver to effectuate the terms of the Consent Judgment, with costs to be borne by the defendants, as specified by the Consent Judgment.

DATED:   November 12, 2015
         New York, NY

        M. PATRICIA SMITH
        Solicitor of Labor

        JEFFREY S. ROGOFF
        Regional Solicitor

        /s/ Summer Silversmith
        SUMMER SILVERSMITH
        Trial Attorney
        U.S. Department of Labor
        Office of the Solicitor
        201 Varick Street, Room 983
        New York, NY 10014
        Tel. (646) 264-3625
        Fax (646) 264-3660
        E-mail: silversmith.summer@dol.gov